**Ernestine JONES, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 01–3215.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 26, 2001.

Before MAYER, Chief Judge, LOURIE, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Petitioner, Ernestine Jones, appeals from a decision of the United States Merit Systems Protection Board ("MSPB" or "Board") denying her petition for review of an initial decision by the administrative judge. In the initial decision, the administrative judge affirmed Ms. Jones's removal from the position of Housekeeping Aid with the Department of Veterans Affairs ("VA" or "agency"), Chicago, Illinois. Be-

cause the Board's decision is supported by substantial evidence, we *affirm*.

## BACKGROUND

On July 15, 1997, the VA notified Ms. Jones that she needed to improve her sick leave usage, and that it would be monitored for the next six months. Ms. Jones was also "required to provide acceptable medical documentation for all periods of absence due to illness or injury, regardless of duration." On January 5, 1998, Ms. Jones was suspended for seven days, from January 12, 1998, through January 18, 1998, for absence without leave ("AWOL") and failure to follow leave instructions. The agency found that from January 29, 1997, through August 26, 1998, Ms. Jones was AWOL for over 300 hours.

The VA removed Ms. Jones from her position effective March 17, 2000, based on her history of AWOL and alleged falsification of medical statements. Ms. Jones timely appealed her removal. Ms. Jones asserted that she had not been AWOL; denied the falsification of medical statements; and raised the affirmative defense of harmful procedural error because the agency delayed issuance of the proposed removal for almost one year after her misconduct. Ms. Jones also alleged that the VA denied her the use of the Family and Medical Leave Act ("FMLA").

After a hearing, on August 18, 2000, the administrative judge affirmed the VA's removal of Ms. Jones. The administrative judge found that the VA did not initially discover this AWOL violation because Ms. Jones had submitted numerous purported medical statements, allegedly signed by Dr. J.J. Jefferson, to excuse her absences. However, Ms. Jones's supervisor at the VA discovered that these medical statements were false because an investigation by Mr. Joseph Bazil, Assistant Chief of the Environmental Management Service, revealed

there was no Dr. J.J. Jefferson practicing medicine at the clinic Ms. Jones allegedly visited. Dr. Donald N. Jefferson who previously practiced at this clinic had died on December 19, 1996. The administrative judge found that, based on the false medical documents, Ms. Jones's previously excused absences were properly changed to AWOL. The administrative judge also found that on October 3 and 4, 1998, Ms. Jones was AWOL again, and that she did not provide any medical documentation to excuse these absences.

Ms. Jones testified that she needed some time off to care for her ill mother. However, the administrative judge concluded that her mother died in February 1998 before many of Ms. Jones's absences, and that Ms. Jones never requested leave pursuant to the FMLA.

The MSPB issued a final order denying her petition for review. On April 12, 2001, Ms. Jones filed a timely appeal with this court. Ms. Jones filed her informal brief with this court on June 21, 2001, after the court issued an order on May 25, 2001, requiring Ms. Jones to file her overdue informal brief on or before June 21, 2001.

On appeal to this court, Ms. Jones urges that the Board's decision should be set aside because: (1) the agency's action was untimely; (2) she was not allowed to present all evidence; (3) her witnesses were not allowed to testify; (4) she was not allowed proper representation; (5) she was repaying the agency for lost time; and (6) the agency failed to offer her "reasonable accommodation."

## DISCUSSION

The government argues that we should dismiss the appeal because Ms. Jones's brief was untimely filed and not in the proper form. We decline to dismiss the appeal on this basis, and instead reach the merits.

We must affirm a decision of the MSPB unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Petitioner argues that the Board's decision to remove her from her position as Housekeeping Aid based on a charge of absence without leave ("AWOL") was not supported by substantial evidence. Substantial evidence is defined as "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. This is a lower standard of proof than preponderance of the evidence." 5 C.F.R. § 1201.56(c)(1); *Giove v. Dep't of Transp.*, 230 F.3d 1333, 1338 (Fed.Cir.2000).

We find that the Board's decision is amply supported by substantial evidence. The record supports a finding that from January 29, 1997, through August 26, 1998, Ms. Jones was AWOL for over 300 hours; that this AWOL status during this time period was only revealed after the VA discovered that Ms. Jones submitted falsified medical statements to excuse her absences; and that on October 3 and 4, 1998, Ms. Jones was again AWOL without providing any medical documentation to excuse her absences. At no point did Ms. Jones request leave under the FMLA to care for her mother. Although she states that she was unaware of the Act until shortly before her removal, and she claims she was not notified by the VA of her FMLA rights, the administrative judge found that petitioner's mother died before many of her absences, and thus her absences could not be excused under the FMLA. The record does not show that Ms.

Jones was precluded from presenting evidence or witnesses to rebut the government's charges. We have considered Ms. Jones's other arguments and find them unconvincing.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.